Jeffrey W. Johnson (AZ Bar #024435)
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073
Facsimile: (480) 655-9536
kenos@IPlawUSA.com
jjohnson@IPlawUSA.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FIRE CAM, LLC,<br> an Illinois Limited Liability Company,<br><br>             Plaintiff<br><br>v.<br><br>RAGECAMS, LLC, a Michigan Limited Liability Company,<br>STUNTCAMS, LLC, a Michigan Limited Liability Company, and<br>Michael Gramza<br><br>             Defendants. | Case No.<br><br>**COMPLAINT SEEKING INJUNCTIVE AND MONETARY RELIEF FOR TRADEMARK INFRINGEMENT** |

Plaintiff Fire Cam, LLC (hereinafter "Fire Cam"), for its complaint against Defendants RageCams, LLC, StuntCams, LLC, and Michael Gramza (hereinafter "Defendants"), by and through undersigned counsel, alleges as follows:

**OVERVIEW**

1. Fire Cam owns the federally registered marks FIRE CAM, U.S. Trademark Reg. Nos. 3927138 and 5179283; FIRE CAM FIRE HELMET CAMERA, U.S. Trademark Reg. No. 4693654; FIRE CAM MINI HD and Design, U.S. Trademark Reg. No. 4404999; and Design Mark, U.S. Trademark Reg. No. 4499666 (Attached hereto as Exhibit A, and hereinafter referred to as the "Registered Marks").

2. Fire Cam also has rights, including common law rights, in the trademark, service mark, and trade name FIRE CAM.  These rights, along with Fire Cam's Registered Marks, are collectively referred to hereinafter as the "FIRE CAM Marks."

3. Fire Cam has continuously used the FIRE CAM Marks in connection with its business as a designer, producer, and provider of fire resistant cameras mountable on helmets since at least February of 2007.

4. Defendants sell and market fire resistant cameras mountable on helmets through various websites.

5. In connection with the sale and marketing of fire resistant cameras mountable on helmets, Defendants use and have used the FIRE CAM Marks in commerce, including use on goods advertised and sold through the URL www.ragecams.com, and on third-party reseller websites (collectively "the Defendants' Websites").

6. Defendants' use of the FIRE CAM Marks is a bait-and-switch scheme, luring customers interested in purchasing genuine Fire Cam products from Fire Cam into purchasing illegitimate products from Defendants.

7. Defendants' unauthorized use of the FIRE CAM Marks creates obvious confusion for consumers and diverts Fire Cam's clients away from Fire Cam and its

website to Defendants and Defendants' Websites, where it sells fire resistant cameras mountable on helmets to the detriment of Plaintiff's revenue.

8. Defendants' actions, as outlined above, damage the reputation and goodwill Plaintiff has built up in the FIRE CAM Marks, and confuse customers into believing that in dealing with Defendants, they are in fact dealing with Fire Cam.

9. Defendants' infringement of the FIRE CAM Marks further unfairly allows Defendants to profit as a result of Fire Cam's national and international success with the FIRE CAM Marks, and Fire Cam products sold in conjunction with those marks.

10. On October 5, 2012, Fire Cam sent a letter to Defendants demanding that it cease and desist from all unlawful use of Plaintiff's FIRE CAM Marks. Defendants responded to that email, and initially complied with Plaintiff's demands, but have since resumed their infringing activity.

11. Plaintiff seeks monetary and injunctive relief pursuant to its claims arising out of Defendants' willful infringement and unauthorized use of Plaintiff's FIRE CAM Marks.

**PARTIES**

12. Fire Cam is an Illinois Limited Liability Company with its principal place of business located at 321 Clearwater Dr, Belleville, IL 62220. Fire Cam designs and sells fire resistant cameras mountable on helmets. Fire Cam is the exclusive owner of trademark rights, including but not limited to the FIRE CAM Marks, on which the claims of relief asserted herein are based.

13. Upon information and belief, RageCams, LLC is a Michigan Limited Liability Company with its principal place of business located at 228 East Division, Sparta, Michigan 49345.

14. Upon information and belief, StuntCams, LLC is a Michigan Limited Liability Company with its principal place of business located at 4539 Hidden Canyon Ct., Ada, Michigan 49301.

15. Upon information and belief, Michael Gramza resides at 4539 Hidden Canyon Ct., Ada, Michigan 49301, and is an owner of RageCams, LLC and StuntCams, LLC.

16. Defendants sell fire resistant cameras mountable on helmets in competition with Fire Cam.

## JURISDICTION AND VENUE

17. This is an action for trademark infringement arising under 15 U.S.C. §§ 1114(1) and 1125.

18. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1338.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because at least one defendant resides in this judicial district, and because all defendants are residents of Michigan.

20. This Court has personal jurisdiction over Defendants pursuant to FRCP 4(k)(1)(a) and the provisions of the Michigan's long arm statute, MI ST 600.705, and the laws of the United States.  Defendants reside in the state and have purposefully

transacted business in the state and own, use or possess real or tangible personal property in the state.

## ALLEGATIONS

**Plaintiff's Business and Marks**

21.     Plaintiff Fire Cam is a leading designer, manufacturer and seller of fire resistant cameras mountable on helmets.

22.     Fire Cam solicits and receives customer orders for its products internationally through various means, including via the internet at its website www.firecam.com.

23.      On or about February 1, 2007, Fire Cam created, adopted and commenced use of the FIRE CAM Marks, and has continuously used the FIRE CAM Marks in interstate commerce since that date in conjunction with the sale and marketing of its fire-resistant camera products.

24.     As a result of the time, effort and money invested in its business, Fire Cam has achieved a reputation for excellence in the design, manufacture and sale of its fire-resistant cameras mountable on helmets.

25.     As a result of its reputation for excellence, Fire Cam enjoys substantial demand for, and sales of, its products and services to consumers.

26.     Together with its reputation for excellence, Fire Cam enjoys tremendous goodwill in its FIRE CAM Marks.

27.     The FIRE CAM Marks have been extensively used by Fire Cam in United States interstate commerce in connection with advertising and promoting Fire Cam's

products and services on Fire Cam's website on the internet at www.firecam.com and in other publications and advertising.

28. The FIRE CAM Marks are prominently presented on Fire Cam's website, advertisements, product packaging, manuals, and technical and informational literature.

29. The FIRE CAM Marks have been extensively and continually advertised and promoted by Fire Cam within the United States for the past eleven years.

30. Substantial amounts of time, effort and money have been expended over the years in ensuring that the purchasing public associates the FIRE CAM Marks exclusively with Fire Cam.

31. Since at least as early as 2007, Fire Cam has operated its website available at www.firecam.com.  Fire Cam's website is an important resource used constantly by the general public, receiving hundreds of "hits" or visits each day.  Fire Cam spends tens of thousands of dollars each year operating and maintaining its website.  Moreover, Fire Cam spends hundreds of thousands of dollars each year promoting and advertising its website, products and services under the FIRE CAM Marks.

32. The FIRE CAM Marks are widely known and recognized among consumers and members of the firefighting industry in the United States.

33. The FIRE CAM Marks are unique and distinctive and, as such, designate a single source of origin.

34. As a result of Fire Cam's extensive and exclusive use, the FIRE CAM Marks have developed extensive goodwill in the marketplace, including in the firefighting market, and are extremely valuable to Fire Cam.

35. Fire Cam expends substantial effort and expense to protect the FIRE CAM Marks and the FIRE CAM Marks' distinctiveness in the marketplace.

36. By virtue of the extensive scope of the sales made and the substantial sums spent to advertise and promote products and services under the FIRE CAM Marks, such marks have acquired strong secondary meaning in the minds of the purchasing public and the business community, and are highly distinctive, and serve uniquely to identify Fire Cam products and services.

37. Through widespread and favorable public acceptance and recognition, these marks have become assets of tremendous value as symbols of Fire Cam products and services.

38. Having been promoted to the general public, and having exclusively identified Fire Cam and its products and services, the FIRE CAM Marks symbolize the tremendous goodwill associated with Fire Cam and are a property right of tremendous value.

39. The FIRE CAM Marks are valid and enforceable trademarks.

40. Fire Cam is the owner of the following registrations on the Principal Trademark Register of the Unites States Patent and Trademark Office:  3927138 and 5179283.  A copy of the registration certificates is attached as Exhibit A.

41. The Registered Marks are valid, subsisting, and in full force and effect.

**Defendants' Business**

42. Upon information and belief, Defendants are engaged in the business of selling fire resistant cameras mountable on helmets.

43. Defendants use and have used various websites, including the Defendants' Websites, as a means of promoting products, advertising products and selling products, including fire-resistant cameras mountable on helmets.

44. Defendants use and have used various websites, including the Defendants' Websites to transact business in interstate commerce, including taking and fulfilling orders for fire-resistant cameras mountable on helmets.

45. Upon information and belief, Defendants ship products to multiple states within the United States.

46. Defendant Michael Gramza is the registrant for the domain name ragecams.com and stuntcams.com (see attached Exhibit B).

47. Defendants have known about the marks since at least as early as October 2012 when Plaintiff sent Defendants RageCams, LLC and StuntCams, LLC a cease and desist letter.

48. Defendants have used the marks as part of the name of goods sold online through their own websites and through other third-party reseller websites (see attached Exhibit C).

### FIRST CLAIM FOR RELIEF
**(Trademark Infringement of Federally Registered Trademark Nos. 3927138 and 5179283 under 15 U.S.C. § 1114(1))**

49. Plaintiff incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

50. Defendants' use in commerce of Plaintiff's FIRE CAM Marks and variations thereof in association with its products is and was likely to cause confusion, mistake or to deceive.

51. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

Case 1:18-cv-00679-JTN-ESC   ECF No. 1 filed 06/19/18   PageID.9   Page 9 of 12

52. Defendants has unfairly profited from the infringing acts alleged, in an amount to be determined at trial.

53. By reason of Defendants' acts, Plaintiff has suffered damage to the goodwill associated with Plaintiff's FIRE CAM Marks.

54. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm, Plaintiff and Plaintiff's federally registered FIRE CAM Marks.

55. Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

56. By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate Plaintiff for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants pursuant to 15 U.S.C. § 1116.

57. By reason of Defendants' willful acts, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

58. This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

59. The infringement by the Defendants has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's Fire Cam Marks.

60. Defendants' infringement will continue unless enjoined by this court.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. That a preliminary injunction be entered, enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the following activities:

   a. Registering, trafficking in, and using, in any manner, any name, confusingly similar to, or likely to dilute Plaintiff's FIRE CAM Marks or any other marks owned by Plaintiff;

   b. Using any of Plaintiff's FIRE CAM Marks or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Defendants are affiliated or associated with or sponsored by Plaintiff, or that is likely to dilute the distinctiveness of Plaintiff's FIRE CAM Marks or any other marks owned by Plaintiff;

   c. Engaging in trademark infringement, trademark dilution, counterfeiting, unfair competition, false advertising, false designation of origin, and passing off against Plaintiff, or misappropriation of Plaintiff's trademark rights;

   d. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

2. That the Court enter a final judgment that Defendants have:

   a. Violated Plaintiff's rights in Plaintiff's FIRE CAM Marks in violation of 15 U.S.C. § 1114(1), and are liable to Plaintiff for damages for the same.

3. That the Court enter a Final Judgment:

    a. Permanently enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the activities described in Paragraph 1 (a)-(d) above;

    b. Ordering Defendants to account to Plaintiff for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above;

    c. Ordering Defendants to pay damages, in an amount to be determined at trials, and that those damages be trebled, under 15 U.S.C. § 1117;

    d. Ordering Defendants to pay Plaintiff's reasonable attorneys' fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117;

    e. Ordering Defendants to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants;

    f. Ordering Defendants to pay punitive damages in an amount to be determined, based upon the foregoing acts of Defendants; and

    g. Granting Plaintiff such other relief as the Court may deem appropriate.

DATED this __19th__ day of June, 2018.

                                                SCHMEISER, OLSEN & WATTS LLP

By:

*/s/Jeffrey W. Johnson*

Jeffrey W. Johnson
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Attorneys for Fire Cam, LLC